Stephen C. Ferlmann (SBN: 214881)
Chapter 7 Trustee
P.O. BOX 579375
1127 12th Street, Ste 202
MODESTO, CA 95357-9375
Tel: (209) 236-1311
Fax: (209) 236-1811

TRUSTEE

FILED
April 05, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002536583

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

(Modesto Division)

| | |
|---|---|
| In Re:<br><br>ROBERT DONALD ORSETTI<br>SHERRY LYNN ORSETTI<br><br>2237 E. Service Rd.<br>Ceres, CA 95307<br><br>SSN: xxx-xx-7307; xxx-xx-6972<br><br>Debtors. | Case No: 09-92821-E-7<br><br>Chapter 7 Case<br><br>DC No. SCF -2<br><br>Date: May 5, 2010<br>Time: 11:00 a.m.<br>Place: 1200 I Street, Suite 4, Modesto, CA |

**MOTION FOR AUTHORITY TO SELL NON-EXEMPT EQUITY**

**IN PERSONAL PROPERTY TO DEBTORS**

TO: The Honorable Ronald H. Sargis, U.S Bankruptcy Judge:

The Chapter 7 Trustee, Stephen C. Ferlmann, pursuant to 11 U.S.C §363(b) and Federal Rule of Bankruptcy Procedure 6004, respectfully moves the Court to sell to the Debtors' the non-exempt equity in certain personal property in exchange for a payment of $2,000.00, and in support respectfully represents:

1. This Court has jurisdiction of this matter under 28 U.S.C § 1334 and 157(a).

2. On September 4, 2009 the Debtors' filed a voluntary petition under Chapter 7 of the Bankruptcy Code, in the above entitled court; Stephen C. Ferlmann is the duly appointed Trustee in the case.

3. Among the assets of the Chapter 7 bankruptcy estate is the Debtors' interest in the following personal property (the "Property"), to which the Debtors' assign the following fair market values in their Bankruptcy Schedule B:

```
a. Savings Account/Bank of America Prima  . . . . $   325.77
b. Savings Account/Bank of America        . . . . $    22.41
c. Business Checking Account/Bank of America . . . $     7.54
d. 2002 Cadillac DeVille Sedan     . . . . . .    $5,165.00
                          Total Value:            $5,520.72
```

4. The Trustee is informed and believes that said 2002 Cadillac DeVille Sedan is unencumbered and that the Debtors have possession of the title thereto. The Debtors' bankruptcy Schedule D reflects no lien or security interest claimed by any secured creditor in the 2002 Cadillac.

5. The Debtors have asserted an exemption in the 2002 Cadillac DeVille pursuant to California Code of Civil Procedure ("CCP") §703.140(b)(2) in the amount of $3,300.00.

6. The Trustee believes that the 2002 Cadillac DeVille Sedan would sell at public auction for approximately $5,500.00. After payment of a 15% auctioneer's commission, the bankruptcy estate would net approximately $4,675.00. Therefore, after subtracting the exemption amount of approximately $3,300.00 the trustee believes that the Debtors' non-exempt equity in the Property is approximately $1,375.00.

7. The Debtors wish to retain the Property and desire to purchase the non-exempt equity in the Property from the bankruptcy estate.

8. Accordingly, the Trustee and the Debtors have entered into an Equity Sale Agreement (the "Agreement") which provides that the Debtors shall pay the bankruptcy estate the total cash sum of $2,000.00 (the "Purchase Amount") for the non-exempt equity in the Property. A copy of the Equity Sale Agreement is attached to the List of Exhibits filed concurrently herewith. The Agreement further provides that the Purchase Amount shall be non-exempt property of the Debtors' bankruptcy estate. Upon payment of the Purchase Amount, the

Debtors shall be entitled to retain the Property and the Property shall cease being property of the bankruptcy estate.

9. 11 U.S.C. § 363(b)(1) authorizes a trustee, after notice and hearing, to sell property of the estate other than in the ordinary course of business.

10. The Trustee believes that the sale of the non-exempt equity in the Property to the Debtors is in the best interests of the estate and should be approved by the Court. The proposed equity sale is an equitable and expeditious manner of liquidating the Property by which the bankruptcy estate will eliminate risks, costs, and delays of liquidating such assets by way of public auction.

WHEREFORE, Trustee respectfully requests that the Court approve the Agreement, and authorize the Trustee to enter into the proposed sale of the non-exempt equity in the Property to the Debtors.

Dated: 4/3/10

_____
Stephen C. Ferlmann
Chapter 7 Bankruptcy Trustee